IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert Dale Conaway, : 
               Appellant : 
              : 
              : 
        v. : 
              : 
Fayette County District Attorney, : 
Jack Heneks, Anthony Iannamorelli, Jr., : 
Lt. Thomas Kolencik and :   No. 1 C.D. 2020
Capt. David Rutter :   Submitted: June 26, 2020


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  October 21, 2020


      Herbert Dale Conaway (Appellant) appeals the October 9, 2019 order of the Court of Common Pleas of Fayette County (trial court) that dismissed his civil action against Jack Heneks, the Fayette County District Attorney (DA), Anthony Iannamorelli, Jr., of the DA's Office, and Lieutenant Thomas Kolencik and Captain David Rutter, both of the Uniontown Police Department (collectively, Appellees). Upon review, we reverse and remand.

      The Uniontown Police Department arrested Appellant on August 12, 2011, on charges related to a sexual assault perpetrated by Appellant on August 11, 2011. *See* Trial Court Docket No. CP-26-CR-0001863-2011 (Criminal Docket) at 3. The Uniontown Police Department confiscated several items of Appellant's personal property at the time of his arrest and retained the items upon Appellant's

transport to prison. The confiscated property included: (1) an Acer Aspire 5516 laptop with charger; (2) a Motorola Blackberry cellular phone with charger; and (3) a nylon laptop carrying case.[1] *See* Appellant's Brief at 8. Ultimately, following his conviction by a jury in May 2012, the trial court sentenced Appellant to 96 to 200 months' incarceration in a state correctional institution.[2] *See* Criminal Docket at 4. Appellant's personal property was not returned to him in prison.

On December 17, 2012, Appellant filed his first Motion for Return of Property under the Criminal Docket. *See* Motion for Return of Property, Appellant's Brief Exhibit A; Criminal Docket at 14. On January 2, 2013, Iannamorelli wrote to Appellant requesting that Appellant make arrangements for the return of the property to an authorized agent, as the state correctional institution did not permit inmates to have such articles. *See* January 2, 2013 Letter of Iannamorelli, Appellant's Brief Exhibit B. On December 19, 2013, Iannamorelli again wrote to Appellant and advised Appellant to contact the "necessary agencies or individuals to determine the status of your property." *See* December 19, 2013 Letter of Iannamorelli, Appellant's Brief Exhibit D. Iannamorelli also advised Appellant on December 19, 2013, to file

---

[1] In his brief, Appellant alleges the collective value of these items to be approximately $3,500.00. *See* Appellant's Brief at 8. However, in the civil complaint underlying this matter, Appellant alleged the approximate collective value of the property to be $3,000.00. *See* Civil Complaint filed September 2, 2016 at 3-4. Appellees challenge neither the accuracy of the alleged inventory nor the estimated value of the items seized.

[2] On May 10, 2012, a jury convicted Appellant of: (1) Rape By Forcible Compulsion, 18 Pa.C.S. § 3121(a)(1); (2) Aggravated Indecent Assault Without Consent, 18 Pa.C.S. § 3125(a)(1); (3) Aggravated Indecent Assault By Forcible Compulsion, 18 Pa.C.S. § 3125(a)(2); (4) Sexual Assault, 18 Pa.C.S. § 3124.1; (5) Indecent Assault By Forcible Compulsion, 18 Pa.C.S. § 3126(a)(2); and (6) Indecent Assault Without Consent, 18 Pa.C.S. § 3126(a)(1). *See* Trial Court Docket No. CP-26-CR-0001863-2011 (Criminal Docket) at 4. On May 16, 2012, the trial court sentenced Appellant to 96 to 200 months' incarceration on the Rape conviction, and imposed no further penalty on the remaining five convictions. *Id.*

an appropriate motion in the trial court should Appellant wish to have a hearing on the return of his personal property.[3] *Id.*

On September 17, 2014, Appellant filed a second Motion for Return of Property under the Criminal Docket. *See* [Second] Motion for Return of Property, Appellant's Brief Exhibit E; Criminal Docket at 17. On December 29, 2014, Appellant filed a third Motion for Return of Property, again under the Criminal Docket. *See* [Third] Motion for Return of Property, Appellant's Brief Exhibit F; Criminal Docket at 18.

On December 30, 2014, the Commonwealth filed, through Iannamorelli and also on the Criminal Docket, a Petition for Destruction and Motion to Schedule Hearing (Petition for Destruction) claiming that Appellant's personal property was subject to destruction as derivative contraband because it contained evidence of Appellant's crimes. *See* Petition for Destruction, Appellant's Brief Exhibit G; Criminal Docket at 18. On January 27, 2015, the trial court scheduled a hearing as requested by the Commonwealth and issued a Rule to Show Cause why Appellant's personal property was not returnable. *See* Order dated January 26, 2015, Appellant's Brief Exhibit H; Criminal Docket at 18. On March 30, 2015, after the Commonwealth failed to attend the requested hearing, the trial court denied the Petition for Destruction and granted Appellant's Motion for Return of Property. *See* Order for Return of Property, Appellant's Brief Exhibit I; Criminal Docket at 20. The trial court's order granting the return of Appellant's personal property noted that "the only evidence of record [wa]s [Appellant]'s testimony that the items of personal

---

[3] We note that on October 31, 2013, Iannamorelli also responded to a letter from Appellant dated October 22, 2013, and explained that Iannamorelli would attempt to provide Appellant with information once Appellant put forth specific requests for information. *See* October 31, 2013 Letter of Iannamorelli, Appellant's Brief Exhibit C.

property were not involved in any crimes," and instructed that the Uniontown Police Department was to release the items to Appellant's mother, as he could not possess the items in prison. *See id.*

Seventeen months after issuing the Order for Return of Property, on August 24, 2016, the trial court entered a "2nd Order for Return of Property." *See* 2nd Order for Return of Property, Appellant's Brief Exhibit J; Criminal Docket at 22. This order directed the return of Appellant's personal property to his mother forthwith, and warned that failure to return the property could amount to the deprivation of property without due process of law subject to an action by Appellant. *See id.*

On September 2, 2016, Appellant filed the instant action in the civil division of the trial court seeking the return of his personal property. *See* Civil Complaint filed September 2, 2016 (Civil Complaint), Appellant's Brief Exhibit K. The prothonotary of the trial court assigned the Civil Complaint docket number 2016-01734. (Civil Docket). *Id.*

On October 19, 2016, Appellant filed a Motion for Summary Judgment in the instant matter, which the trial court denied by order dated January 26, 2017, explaining that the motion was premature as the pleadings had not yet closed. *See* Order dated January 26, 2017, Appellant's Brief Exhibit M; Civil Docket at 2. Appellant filed a second Motion for Summary Judgment, which the trial court again denied as premature on April 24, 2017, this time explaining

> [Appellant] has failed to serve any [Appellee] in accordance with Pa. Rule of Civil Procedure [No.] 400. The [c]ourt will not act as counsel for [Appellant]. Any further motions that are not filed in accordance with the Rules of Civil Procedure may be denied with prejudice.

4

*See* Order dated April 24, 2017 at 1 n.1, Appellant's Brief Exhibit N; Civil Docket at 2. On April 21, 2017, Appellant filed a third Motion for Summary Judgment, which the trial court denied by order dated May 1, 2017. *See* Order dated May 1, 2017, Appellant's Brief Exhibit O; Civil Docket at 2.

On June 19, 2017, Appellant served the Civil Complaint on Appellees, nine and a half months after filing. *See* Civil Docket at 2.

Three days prior, on June 16, 2017, Appellant filed a motion for contempt under the Criminal Docket based on Appellees' failure to comply with the trial court's orders to return his personal property. *See* Criminal Docket at 25. On July 17, 2017, the trial court issued a rule upon the Uniontown Police Department to show cause why it had not returned Appellant's personal property as previously ordered. *See* Order dated July 17, 2017, Appellant's Brief Exhibit Q; Criminal Docket at 26. Later, the trial court issued an order dated January 31, 2018, that granted Appellant *in forma pauperis* status and included a handwritten notation stating:

> * The Court notes that it has been advised that the items
> sought have been lost or misplaced, so further attempts to
> recover the items may be futile.

Order dated January 31, 2018, Appellant's Brief Exhibit R.

On October 2, 2019, Appellant filed an Application for Default Judgment and Sanction (Default Judgment Application) in the instant action for Appellees' failure to answer the Civil Complaint. *See* Default Judgment Application, Appellant's Brief Exhibit U; Civil Docket at 3. On October 9, 2019, the trial court dismissed the instant action by order that stated as follows:

5

AND NOW, this 9th day of October, 2019, upon consideration of the Default Judgment filed by the *pro se* plaintiff, the multiple improper filings, the complaint which was never properly served upon the defendants and upon consideration of the claim of the plaintiff that on August 24[], 2016, the Honorable Judge Steve P. Leskinen entered an order at a criminal case granting the same relief the plaintiff is requesting in this action, the Court, *sua sponte*, hereby **ORDERS** and **DIRECTS** that the default judgment filed on October 4[], 2019 is **STRICKEN**, the complaint is **DISMISSED**, with prejudice, pursuant to [Pa.R.C.P. No.] 233.1 and the Prothonotary is **DIRECTED** to disregard and not accept for filing any and all future pleadings that may be filed by the plaintiff at this number.

Furthermore, the Prothonotary is **DIRECTED** to inform this member of the Bench of any other attempts of the plaintiff to initiate a new civil action as any such attempt will be dismissed pursuant to Rule 233.1(d).

Order dated October 9, 2019 (Dismissal Order) at 1-2. Appellant timely appealed to this Court.[4]

On appeal,[5] Appellant claims the trial court erred in dismissing the Civil Complaint because he has been denied his personal property without due process in a situation where Appellees did not initiate forfeiture proceedings and ignored multiple trial court orders to return his property. *See* Appellant's Brief at 5 & 14-

---

[4] Appellant originally appealed to the Superior Court of Pennsylvania on October 29, 2019, which transferred the matter to this Court on November 21, 2019. Accordingly, we treat this matter as though Appellant properly filed his appeal in this Court on October 29, 2019. *See* 42 Pa.C.S. § 5103(a) (directing tribunals in which matters are incorrectly filed to transfer the matter to the proper tribunal, which then will treat the filing as if originally filed in the transferee tribunal).

[5] "Our review is limited to determining whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case." *City of Bethlehem v. Kanofsky*, 175 A.3d 467, 475 n.8 (Pa. Cmwlth. 2017) (internal quotations omitted).

6

Appellant also claims he is entitled to relief from this Court because he has no other adequate remedy at law. *Id.* at 5 & 16-20.

Before reaching the merits of Appellant's claims, we first examine Pennsylvania Rule of Civil Procedure 233.1 (Rule 233.1), which the trial court used as justification for its *sua sponte* dismissal of this matter. *See* Dismissal Order. Rule 233.1 provides, in pertinent part:

> **Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**
>
> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
>> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>>
>> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> . . . .
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).
>
> . . . .

Pa.R.C.P. No. 233.1(a), (c) & (d).

By its plain text, therefore, Rule 233.1 contemplates an orderly set of steps for defendants and courts to dispose of frivolous litigation commenced by *pro se* plaintiffs. First, a defendant in the action files a motion to dismiss based on the *pro se* plaintiff raising the same claims already resolved in a previous or different court proceeding. Pa.R.C.P. No. 233.1(a). Second, the court may grant the motion to dismiss and may also "bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.C.P. No. 233.1(c). After these two steps have occurred and the trial court has issued an order pursuant to Rule 233.1(c) granting the motion to dismiss and barring the *pro se* plaintiff from pursuing additional litigation on the same claims against the same defendants without leave of court, Rule 233.1(d) then grants the court the prerogative to *sua sponte* dismiss future actions filed in violation of the Rule 233.1(c) order. *See* Pa.R.C.P. No. 233.1(d).

In the instant matter, Appellant, proceeding *pro se*, basically seeks enforcement of the Order for Return of Property and the 2nd Order for Return of Property issued by the trial court on the Criminal Docket. Because Appellant may be alleging the same or related claims raised in his motions for return of property on the Criminal Docket against the same defendants, and because the trial court already granted his motion(s) for return of property by the Order for Return of Property and the 2nd Order for Return of Property, Appellees could have filed a motion to dismiss the instant action pursuant to Rule 233.1(a). Had Appellees filed such a motion to dismiss, pursuant to Rule 233.1(c) the trial court could have then considered the motion, granted the motion, dismissed the action and, in the dismissal order, barred Appellant from submitting, without leave of court, further filings

8

against the same defendants related to the same claims. Once it had issued such an order, the trial court would then have had the ability to *sua sponte* dismiss any subsequent action filed in violation of the court's dismissal order. *See* Pa.R.C.P. No. 233.1(d). This is not what happened in this matter. Instead, without Appellees filing a motion to dismiss pursuant to Rule 233.1(a), the trial court skipped directly to dismissing the action *sua sponte* per Rule 233.1(d) without first granting, or having before it, a motion to dismiss filed pursuant to Rule 233.1(a). Therefore, no Rule 233.1(c) order existed upon which the trial court could have exercised discretion to *sua sponte* dismiss subsequent filings – i.e., the instant matter – pursuant to Rule 233.1(d). Accordingly, the trial court erred by *sua sponte* dismissing the instant matter based on Rule 233.1.

Because the trial court improperly dismissed the instant matter, we reverse the trial court's October 9, 2019 order and remand for further proceedings.[6]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] We acknowledge Appellees' claim that the trial court lacks personal jurisdiction over Appellees by virtue of their not having received proper service of original process. *See* Appellees' Brief at x-xi. While the question of personal jurisdiction based on service of process may be the subject of a preliminary objection in subsequent proceedings on this matter, given our disposition herein, we need not reach this argument at this time.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert Dale Conaway,        :
                 Appellant       :
                                    :
           v.                     :
                                    :
Fayette County District Attorney,    :
Jack Heneks, Anthony Iannamorelli, Jr., :
Lt. Thomas Kolencik and            :    No. 1 C.D. 2020
Capt. David Rutter                 :

## O R D E R

AND NOW, this 21st day of October, 2020, the October 9, 2019 order of the Court of Common Pleas of Fayette County (trial court) is REVERSED, and this matter is REMANDED to the trial court for further proceedings.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge